clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 5 1999

[signature]
CLERK

ANA GONZALES,

    Plaintiff,

v.    No. 95-657-M

PABLO HERNANDEZ,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This case comes up because of a Motion for Summary Judgment which Defendants filed prior to an appeal and remand by the Tenth Circuit Court of Appeals. When the motion was originally filed, a summary judgment was entered on one ground of the motion and for this reason, other grounds addressed in the motion were not decided. Since the remand, Defendants have requested a ruling on the other grounds stated in the motion. Accordingly, I have reviewed the record and Defendants' contentions that Plaintiff's claims are barred by the statute of limitations and that Defendants' are entitled to qualified immunity from suit. I find and conclude in favor of Plaintiff on both issues.

### Facts

This is an action pursuant to Title 42 U.S.C. sections 1981 and 1983. Plaintiff is an Hispanic female. She alleges that when the Las Vegas Medical Center in Las Vegas, New Mexico, received a grant of funds to initiate a non-business hours crisis hotline, Defendants, who are all employees or contractors of the Las Vegas Medical Center, discriminated against her by

awarding the work to Defendant Robert Pullings, without announcing the opportunity or offering it to others by a posting and bidding process. Plaintiff, who states she is fully qualified to operate a crisis hotline, further alleges (1) that the work was awarded to Defendant Pullings without considering others, even though Plaintiff is Hispanic and Defendant is not, and the community that is target of the underlying funding is Hispanic, (2) that Defendants did not permit Plaintiff to bid on the crisis hotline in retaliation for her public and private complaints about Defendants, (3) that Defendants' actions violated Plaintiff's constitutionally protected rights of equal protection and freedom of speech and her federally protected right to contract free of racial and ethnic discrimination, and (4) that Defendants' actions were intentional, wilful, and malicious. Plaintiff filed an action in state court against the Las Vegas Medical Center which ended in a judgment and compensatory award in her favor. By the present case, Plaintiff seeks punitive damages.

## Statute of Limitations

A three-year statute of limitations governs this case. Wilson v. Garcia, 471 U.S. 261 (1985); N.M.S.A.1978 sec. 37-1-8. Because Plaintiff filed a complaint in 1995 which complains of acts in 1990, Defendants insist Plaintiff waited too long. Plaintiff argues that Defendants' violation of federal rights, as alleged in the complaint, constitutes a continuing scheme that makes a 1995 filing timely.

The record supports Plaintiff's position. The first agreement for a crisis hotline during non-business hours occurred in 1990, when Defendants selected Defendant Pullings for the work. Defendants afterward renewed the agreement with Defendant Pullings annually. The actions of which Plaintiff complains thus began in 1990 and continued to November 1995, with little, if any, variance, and this 1990 to 1995 renewal process is not disputed.

2

Plaintiff and Defendants do not agree as to the character of the work performed--the first calling it a contract and the latter referring to it only as overtime. Either way, the process of selecting Defendant Pullings remains uncontested, and the annual renewals provide a sound basis for Plaintiff's allegation that the violation constituted a continuing scheme. I find, therefore, that the complaint is timely filed and that Defendants' contentions with regard to the statute of limitations are without merit.

## Qualified Immunity

Defendants argue they are entitled to qualified immunity because, in spite of Plaintiff's federally protected rights, Defendants had no duty to seek out Plaintiff and offer her overtime work. In the Motion for Summary Judgment, Defendants state that "the factual basis for Plaintiff's First Amendment claim is that Defendants did not seek her out and offer her overtime work on the crisis hot line after she filed her Human Rights Commission complaint." Defendants fail to explain, however, why they characterize the work as overtime, when Plaintiff has deemed it a contract resulting from a special grant of funds. This, by itself, is a material fact at issue which could change the need for a bidding process, as well as the outcome of the case. Because Defendants provide neither facts nor law to establish their "no obligation" argument, then, and leave the facts in dispute, I find what Defendants propose to be theory, at most.

For purposes of a motion for summary judgment, I must construe the complaint most favorably to the Plaintiff and must provide Plaintiff every reasonable inference of her notice pleading. In so doing, I understand the complaint to say that each year Defendants gave the crisis hotline contract to Defendant Robert Pullings without any contract application, bidding process, or compliance with New Mexico contracting requirements because Defendant Pablo Hernandez,

administrator of the Las Vegas Medical Center, and Defendants Thomas Sturn and Robert Pullings, psychologists at the Las Vegas Medical Center, did not want Plaintiff to have the contract and acted intentionally and maliciously to keep her out of the bidding process altogether on account of her complaint against Defendants with the New Mexico Human Rights Commission. I also understand this claim of retaliation to be the part of Plaintiff's case which the Tenth Circuit Court of Appeals remanded for further proceedings. (No. 97-2390, Decided May 6, 1999)

>The complaint states the claim at pp.6-7:

>>The refusal of Defendants to allow Plaintiff to participate in the crisis hot line at any time subsequent to her complaint regarding selection of Defendant Pullings and filing the Human Rights Commission complaint on or about January 1990, specifically refusing to open the opportunity to her at each renewal of the funding each July 1st constitutes retaliation for the exercise of First Amendment rights, in violation of 42 U.S.C. 1983.

The complaint states at paragraph 30 that: "At all times, Defendants acted intentionally, wilfully, maliciously, or with reckless disregard of plaintiff's rights. . . . " The question now is whether or not this is enough.

"In the context of a summary judgment motion, to prevail against a qualified immunity defense, the plaintiff must 'come forward with facts or allegations to show that defendant's alleged conduct violated the law and that the law was clearly established when the violation occurred.'" <u>Pallottino v. City of Rio Rancho</u>, 31 F.3d 1023 (10th Cir. 1994), quoting <u>Pueblo Neighborhood Health Centers, Inc. v. Losavio</u>, 847 F. 2 642, 644 (10th Cir. 1988). "The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law

4

allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Hannula v. City of Lakewood, 907 F.2d 129, 130 (10th Cir. 1990, quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Contrary to what is required, the complaint in this case does not allege a violation of a clearly established federal right. Sawyer v. County of Creek, 908 F.2d 663 (10th Cir. 1990). Plaintiff's statements in the complaint and in the response to the motion for summary judgment also fail to allege a nexus between Defendants' awarding the contract to Defendant Pullings and an illicit attempt to deny Plaintiff the hotline work. In addition, the complaint lacks any indication why Plaintiff believes (apart from timing) that Defendants' actions which foreclosed an open bidding process were prompted by Plaintiff's filing an administrative complaint.

In spite of these shortcomings, it appears Plaintiff should be allowed to present evidence in support of her claims. See: Scheuer v. Rhodes, 416 U.S. 232 (1974). A complaint is not subject to dismissal unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41. 45-45 (1957). Plaintiff needs only to provide notice by the complaint of what it is he or she claims and the grounds upon which it rests. Id. at 47. While Plaintiff only minimally meets this test, the complaint, combined with the nature of the rights allegedly violated, states enough to preclude a determination at this point that Defendants are entitled to qualified immunity as a matter of law and a summary judgment. Additionally, of course, Defendants do not establish the facts on which they base their qualified immunity claim and the most pertinent of these facts are contested.

Plaintiff alleges basic rights in a fairly ordinary setting. Although defendants in a civil

rights case need not predict constitutional law, courts have generally required that officials "know and apply general legal principles in appropriate factual situations." Garcia v. Miera, 817 F.2d 650, 657 (10th Cir. 1987). The burden, of course, is clearly on the Plaintiff. Pallottino v. City of Rio Rancho, supra at 1025. At the same time, it appears that what Plaintiff presents is at least as plausible at this point as what Defendants present, and accepting all inferences in favor of Plaintiff's position, and considering the history of the case, the attenuable nature of the Defendants' arguments, and the well-established character of the rights allegedly violated, Plaintiff's claims should survive summary judgment.

I recognize that moving on to trial is not the ordinary course. A qualified immunity defense is ordinarily decided at the earliest possible time. The best time for addressing the issue in this case has already passed. Discovery has been completed and the case is ready for trial. Even though the entitlement to qualified immunity is an immunity from suit and not merely an affirmative defense at the time of trial, Hunter v. Bryant, 502 U.S. 224 (1991), balancing the claims and considering the amount of material facts in dispute, I find that Defendants' neither argue a colorable case of qualified immunity nor establish enough undisputed facts to warrant a summary judgment or a declaration of qualified immunity. I find enough in Plaintiff's favor to allow the case to proceed to trial.

By consent of the parties, Magistrate Judge William Deaton is to preside at trial of this case on a date and at a time set by him. Each party is to sign a consent form which will be entered into the court's file.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion for summary judgment on the grounds that the case is barred by the statute of limitations and that the Defendants are entitled to qualified immunity is denied.

_____
SENIOR UNITED STATES JUDGE