# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANA GONZALES,

    Plaintiff,

v.                                       Civil No. 95-0657 WWD/LFG

PABLO HERNANDEZ, M.D., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS IS a battle-weary discrimination and retaliation lawsuit that finds its way back to this court following a second remand from the Tenth Circuit. It is again ready for trial.[1] At a status conference held on May 21, 2001, the parties stated that they are ready to proceed , but disagree about which claims remain for trial. Defendants assert that only a First Amendment retaliation claim remains, but Plaintiff maintains that a spoliation claim should be added on the basis of her allegedly pending motion to amend (see docket # 20). The purpose of this memorandum opinion and order is to clarify which claims remain in light of previous rulings of this Court and rulings made on appeal, and to address any other issues that may be resolved prior to trial. Based on a careful examination of the pleadings of record and correspondence in the court file, I find that of the six claims set forth in Plaintiff's complaint which was filed in June 1995, only a First Amendment retaliation claim remains. I set out a description of the convoluted and lengthy procedural history of this case as a backdrop and basis for my findings herein.

---

[1] Prior to the second appeal, this case was presided over by the Hon. E. L. Mechem. Parties later consented to have the case heard by the undersigned. See docket # 34 at 6.

Ms. Gonzales is a Hispanic female. She alleges that when the Las Vegas Medical Center ("LVMC") in Las Vegas, New Mexico, received a grant of funds to initiate a non-business hours crisis hotline, Defendants, who are all employees or contractors of the Las Vegas Medical Center, discriminated against her by awarding the work to Defendant Robert Pullings, without going through a posting and bidding process. Plaintiff, who states that she is fully qualified to operate a crisis hotline, further alleges that the work was awarded to Defendant Pullings without considering others, even though Plaintiff is Hispanic and Defendants are not, and the community that is the target of the underlying funding is Hispanic. Ms. Gonzales alleges discrimination in that Defendants did not permit her to bid on the crisis hotline during the years 1990 to 1995. She filed a complaint with the New Mexico Human Rights Commission in 1990, and also alleges that Defendants conspired to continue to select Pullings and to refuse her participation in the contract renewal process in retaliation for her public and private complaints about Defendants.

The complaint states six grounds for relief: racial discrimination under § 1981 and Equal Protection § 1983 (Claims I and II); Substantive Due Process (Claim III); § 1983 Conspiracy (Claims IV and V); and First Amendment Retaliation (Claim VI).

The lawsuit started out as a state court case alleging discrimination and retaliation against LVMC, but not against any of the individual employees. A year later, Plaintiff filed this federal action against the defendant employees in both their individual and official capacities, describing the same incidents that formed the basis for her state court action. The federal case was stayed pending the outcome of the state court case. The jury in state court found against Plaintiff on the discrimination claim, but found in her favor on the retaliation claim, awarding her $170,000 in compensatory damages.

Defendants in the federal action then moved for summary judgment (see docket # 16) on the basis of Eleventh Amendment, *res judicata* and collateral estoppel, and other grounds which the district court did not address at that time, such as the statute of limitations defense and insufficiency of certain of Plaintiff's claims.  This Court, in an opinion by the Hon. E.L. Mechem, determined that all of Plaintiff's claims in the federal case were barred, finding that litigation against LVMC in the state court case had a preclusive effect on Plaintiff's ability to bring these same claims against the individual employees in federal court.  At the same time, the Court denied Plaintiff's motion to amend (docket # 20) to include a state-law spoliation claim and specific pleading on a § 1981 and § 1983 conspiracy claim, since amendment would be futile given that the proposed claims would be barred on the same grounds.  (see Court's Mem. Opin. and Order of October 27, 1997, docket # 24 at 9).

On appeal, the Tenth Circuit affirmed the dismissal of the discrimination claim, but held that Plaintiff could proceed against the LVMC employee defendants on the retaliation claim, with compensatory damages limited to the state court award, and no limit on available punitive damages.  Gonzales v. Hernandez, 175 F.3d 1202, 1207 (10th Cir. 1999) ("Gonzales I").[2]  The retaliation claim was remanded back to this Court, with a footnote stating that the Court of Appeals had not considered other issues raised by the Defendants which had not been addressed by the district court.  At 1208 n. 5.

Following remand, Judge Mechem requested notice from counsel in the form of

---

[2]  The Court of Appeals relied on Restatement (Second) of Judgments, § 51(1) and (2), which governs claim preclusion where vicarious liability is an issue.  The Court found that there was no basis for Defendants' arguments of privity existing between LVMC and employees in their official capacity in the first suit, and the employee defendants in their individual capacity in the federal suit.  At 1206.

3

correspondence as to the status of the case.  See letter from Court, May 24, 1999).[3]  Plaintiff stated that the case was ready for trial and alluded to a "motion to amend for a spoliation claim" which the Court construed as "possibly" renewing a request to amend made two years earlier. (Letter from Pltff's counsel dated June 3, 1999); see also docket # 32 at 1.[4]  Defendant requested rulings from the Court on Plaintiff's Claims III, IV and V, recognizing that while the appeal order had affirmed the dismissal of the discrimination claims (Claims I and II), and remanded the retaliation claim (Claim VI), no rulings had been made on the other issues raised in the summary judgment motion.  (Letter from Defts' counsel dated June 24, 1999).

In an Order entered July 6, 1999, the Court acknowledged that Claims III, IV, V and VI survived the appeal in Gonzales I and offered the parties an opportunity to supplement their briefs on the motion for summary judgment, specifically noting that it would consider "two issues raised by Defendants' Motion for Summary Judgment" -- the statute of limitations defense on Plaintiff's claims, and qualified immunity on the First Amendment retaliation claim.  See docket # 32 at 3. The Court also invited Plaintiff to renew her motion to amend, and to make clear the legal basis for the spoliation claim, "including some specific authority on that issue" or if she did not wish to amend, to "clarify explicitly by letter" that the case should be set for trial.  Id. at 2-3.  Plaintiff's counsel responded by notifying the Court that "amendment for spoliation of evidence is unnecessary," since that claim "would appear to be subsumed within the Section 1983 conspiracy claim in the Fourth, Fifth and Sixth Claims for Relief" and that the "destruction of such records"

---

[3] These letters are attached to the correspondence section of the court file.

[4] The Court also found Plaintiff's simultaneous representation of readiness for trial and reference to a two-year old motion to amend to be "inconsistent."  (docket #32 at 1).

would be relevant to the issue of punitive damages.  (Letter from Pltff's counsel dated July 14, 1999).

In a subsequent Order, this Court determined Plaintiff's claims were not barred by the statute of limitations, and that Defendants were not entitled to qualified immunity on the First Amendment Retaliation claim.   See docket # 34.   Defendants' appeal of that order was denied. Gonzales v. Hernandez, No. 99-2280, 2001 WL 194040 (10th Cir. N.M) ("Gonzales II").

## DISCUSSION

Contrary to Plaintiff's position, there is no pending motion to amend.   It was ruled on in the Court's Order of October 1997 prior to the first appeal.  The 10th Circuit did not review the denial of Plaintiff's motion to amend.  It reviewed this Court's dismissal of the discrimination and retaliation claims on the basis of *res judicata* and remanded only the retaliation claim.  At that point, if Plaintiff felt that the appeal order provided a basis for a renewal or reconsideration of the motion to amend in light of the claims which survived Gonzales I, she was free to renew the motion.  In fact, the Court issued Plaintiff a special invitation, which Plaintiff's counsel expressly declined.  Therefore, the only claims before the Court at this time are those alleged by Plaintiff in the initial complaint.

**Claims I, II, and VI - § 1981, Equal Protection and First Amendment Retaliation**

Thus far, based on previous orders of this Court and appeal orders from the Tenth Circuit, it is clear that Plaintiff is free to proceed on the First Amendment Retaliation claim (Claim VI).   It is equally clear that the § 1981 and Equal Protection Claims (Claims I and II) are foreclosed, also as a result of the Court of Appeals' affirmation of this Court's ruling that *res judicata* applies to Plaintiff's discrimination claims.

This Court has made rulings on most of Defendants' arguments raised in the motion for summary judgment, but has never passed on the arguments relating to sufficiency of the substantive due process and conspiracy claims (Claims III, IV and V, respectively). I turn to these claims next.

**Count III - Substantive Due Process**

Substantive due process requires that a protected property interest not be terminated in an arbitrary or capricious manner, without a rational basis, or in a manner shocking to the conscious. See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 528-29 (10th Cir. 1998). I agree with Defendants that Plaintiff alleges no facts here to show that she has a protected property interest. Plaintiff alludes to New Mexico's Personnel Act, N.M.S.A. 1978 § 10-9-1, which establishes a "system of personnel administration based solely on qualification and ability, which will provide greater economy and efficiency in the management of state affairs." N.M.S.A. 1978 § 10-9-2. This statute in no way establishes a property interest for Plaintiff in being awarded the contract for operating an after-hours crisis hotline. See Garcia v. City of Abq., 232 F.3d 760 (10th Cir. 2000) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.").

Neither does Plaintiff allege facts to establish a property interest that would be afforded procedural due process, although Plaintiff does not allege a violation of procedural due process in this complaint. For both types of claims, a plaintiff must still show possession of an interest to which due process protection attaches. See Watson v. University of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir.1996) (procedural due process); Clinger v. New Mexico Highlands Univ., 215

F.3d 1162, 1167 (10th Cir.2000) (substantive due process).  Under New Mexico law, it is questionable that even non-tenured employees would be entitled to procedural due process, much less an individual who simply had a chance at bidding for a contract that was renewed annually.  See e.g.,Clinger, 215 F.3d at 1166.  Therefore, Claim III for a violation of substantive due process, will be dismissed.

**§ 1983 Conspiracy Claims in Counts IV, V and VI, and Spoliation Claim**[5]

According to Plaintiff's letter of July 14, 1999 in response to the Court's inquiry, Plaintiff opted not to renew the motion to amend for spoliation and instead view the claim as "subsumed" within the § 1983 conspiracy claims.   Along the long path to trial, Plaintiff also could have renewed the motion if she wanted to amend the complaint to include proposed claims other than spoliation, e.g., conspiracy claims.   She did not do so.

 To assert a § 1983 conspiracy claim, a plaintiff must prove an agreement as well as prove an actual deprivation of a right under § 1983.  Dixon v. City of Lawton, Okla, 898 F.2d 1443, 1147 (10th Cir. 1990).   Plaintiff merely mentions "an ongoing extension of a conspiracy" in the Complaint.  Compl. ¶¶ 24-27.   I agree with Defendants that the conspiracy allegations (Claims IV and V) are insufficient to withstand summary judgment.  Cmp. Sooner Products Co. v. McBride, 708 F.2d 510 (10th Cir. 1983) (mere conclusory allegations of conspiracy with no supporting factual averments are insufficient, rather, pleadings must specifically present facts tending to show agreement and concerted actions).

In the response to Defendants' motion for summary judgment, Plaintiff impliedly concedes

---

[5] Plaintiff's conspiracy claims are based entirely on a § 1983 violation, although there is reference in the record to conspiracy under §1985.  See docket # 32 at 2; Mem. in Sup. of Sum.J. at 13.

the insufficiency of the allegations in the statement that "Plaintiff will, however, make more specific allegations in the amended complaint." Resp. to Mot. for Sum. J. at 6. The complaint was never amended, however, because Plaintiff made a considered choice against doing so. I also note that Plaintiff's response to summary judgment is completely devoid of any statement of facts, disputed or undisputed, contrary to both the federal and local rules of civil procedure, which might have provided some specificity to allegations of conspiracy. See Fed.R.Civ.P. 56; D.N.M.LR-Civ. 56.1(b).

Plaintiff cannot subsume a claim for spoliation in other claims that I find to be insufficiently pled, and she cannot rely on allegations in a proposed complaint (even assuming those allegations would be considered sufficient) that is not before this Court. Cmp, e.g., Scott v. American Civil Liberties Union Foundation of Colorado, Inc., 216 F.3d 897, 907 (10th Cir. 2000) (where specific allegations of conspiracy were not realleged or incorporated by reference with respect to the § 1983 claim against defendant, subsequent section containing more specific allegations could not cure the insufficient pleading of that claim).

This case was filed in June 1995 after a first run in state court. Plaintiff filed the motion to amend in September 1997. Defendants challenged the sufficiency of the conspiracy claims at that time. Mem. in Sup. of Sum. J. at 15. Plaintiff was invited by the Court to renew the motion to amend and clarify the pending claims in July 1999. (Docket # 32 at 2). Plaintiff chose not to amend and represented that case was ready for trial at that time, almost two years ago. Given the protracted nature of this case, allowing Plaintiff yet another opportunity to amend in order to "get it right" would be tantamount to this Court taking a seat on Plaintiff's side of the table as stand-in counsel. Therefore, Claims IV and V will be dismissed as well.

8

**Double Recovery**

The bar to double recovery of compensatory damages lends a peculiar character to this case, very much like a patient on life support – artificial maintenance of a life with a future that is usually bleak, but which nevertheless harbors the hope of a near-miraculous event. The present litigation ends up an exercise in futility unless punitive damages are awarded, since Plaintiff cannot collect two compensatory awards.

Both parties appear to agree that Plaintiff may sue the Defendants here for compensatory damages (with a $170,000 cap), but she cannot collect more than that amount from either or both the state court defendant and the federal court defendants. Instead, Defendants argue that pursuing even punitive damages in this case is barred by a double recovery theory, distinguishing the case cited by Plaintiffs, Sanchez v. Clayton, 117 N.M. 761 (1994) on the grounds that in Sanchez, defendants in the first case had no relationship to the defendants in the second case. The Tenth Circuit's decision in Gonzales I has resolved this issue with the determination that the Defendants in the state and federal cases here are not in privity, thus undercutting the only basis for Defendants' arguments on this issue.[6]

**Pretrial Order**

A pretrial order has not been filed in this case because the case was appealed before the initial deadline that was set for its submission. Therefore, counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendants on or before **June 21, 2001**; Defendants to Court on or before **July 9, 2001**.

---

[6] The Tenth Circuit acknowledged that a plaintiff would be foreclosed from collecting twice when suing either a responsible obligor and primary obligor in subsequent actions. 175 F.3d at 1207.

## CONCLUSION

Plaintiff's claims of discrimination, Claims I and II (§ 1981 and Equal Protection) are BARRED under *res judicata* pursuant to the appeal order of Gonzales I; Claim III (Substantive Due Process) is DISMISSED WITH PREJUDICE for failure to sufficiently allege facts to establish a property interest; Claims IV and V are DISMISSED WITH PREJUDICE for failure to allege facts to support a § 1983 conspiracy. Plaintiff's First Amendment Retaliation claim remains.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's claims of discrimination, Claims I and II (§ 1981 and Equal Protection) are BARRED under *res judicata* pursuant to the appeal order of Gonzales I;

**IT IS FURTHER ORDERED** that Claim III (Substantive Due Process) is DISMISSED WITH PREJUDICE for failure to sufficiently allege facts to establish a property interest;

**IT IS FURTHER ORDERED** that Claims IV and V are DISMISSED WITH PREJUDICE for failure to allege facts to support a § 1983 conspiracy;

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment Retaliation claim remains for trial and Plaintiff may proceed to trial under the remand order from the Tenth Circuit;

**IT IS FINALLY ORDERED** that parties are to submit a final pretrial order as directed above.

_____
UNITED STATES MAGISTRATE JUDGE

10